Per Curiam,
The precise question here is whether the children of Joseph and Catharine Gingrich took a vested interest under the deed of trust, executed by the former Aug. 20,. 1,872. That the wife, Catharine Gingrich, took a vested interest, under said deed, is clear. It follows that the husband could not have interfered with the trust during the life of the latter. She is dead, however, and the case is entirely different as to the children. Their interest did not vest with the execution and delivery of the deed; it was only intended to vest after the death pf both their parents; or, in the language of the instrument itself: “And at and immediately after the death of the survivor of them, the said property to vest in their children or their legal representatives in fee simple as tenants in common.” The deed was testamentary in its character and therefore revocable under the authority of Frederick’s Appeal, 52 Pa. 338; Rick’s Appeal, 105.Id* 528, and that line of cases. It follows tha/t Joseph Gingrich’s deed of revocation, ended the trust, and that this appellant has no standing to except tq the account of the trustee.
The decree is affirmed and the appeal dismissed at the costs of the Appellant. . . "